**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WALFRE RICARDO MARTINEZ
PINTO; JESSI FLORIDALMA
VILLATORO-GONZALEZ,

　　　　　Petitioners,

　　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　Respondent.

No. 11-71505

Agency Nos. 　　A072-776-206
　　　　　　　　A070-810-279

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before: 　　ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

　　Walfre Ricardo Martinez Pinto and Jessi Floridalma Villatoro-Gonzalez,

natives and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen removal proceedings. Our

---

　　[*] 　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**] 　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen as untimely, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to produce new, previously unavailable, material evidence that would warrant reopening, *see Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). We reject petitioners' contention that the BIA failed to consider the expert report. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

We reject petitioners' contention that the BIA ignored their argument that it was error to not adjudicate Martinez Pinto's claim under the Convention Against Torture ("CAT") when it decided his direct appeal, in light of our July 12, 2010, decision in which we noted that the BIA considered his eligibility for CAT relief.

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011). The BIA's refusal to exercise its sua sponte authority to reopen proceedings with respect to Martinez Pinto's grant of voluntary departure was not based on any factual errors.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-71505